ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
17 State Street, Suite 820
New York, New York 10004
Tel.: (212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

WILLIAM JOSE BAEZ,                          :

              Plaintiff,          :

    -against-                                     :

ACE NATURAL, INC., TOR NEWMAN,   :
and JUAN FERNANDEZ,

                        :

              Defendants.

--------------------------------------------------------X

**Docket No.:**

**JURY TRIAL DEMANDED**

### COMPLAINT

Plaintiff William Jose Baez ("Plaintiff"), by and through his attorney, Robert Wisniewski P.C., as and for his Complaint against Defendants ACE Natural, Inc. ("Corporate Defendant"), Tor Newman ("Newman") and Juan Fernandez ("Fernandez") (Newman and Fernandez are, collectively, "Individual Defendants") (Corporate Defendant and Individual Defendants are, collectively, "Defendants") states as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, and liquidated damages, as well as reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"); Articles 6 and 19, and §§ 191 and 198-b of the New York Labor Law ("NYLL"), various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143, and the common law of the

1

State of New York.

2.      Plaintiff also brings this action for violation of NYLL § 740, which prohibits all employers from discharging, suspending, demoting, or otherwise retaliating against an employee because the employee, among other independent actions, discloses to a supervisor or to a public body an unlawful activity, policy or practice of the employer that the employee reasonably believes is in violation of the law, rule or regulation or objects to or refuses to participate in any such activity, policy, or practice in violation of a law, rule or regulation.

### PARTIES, JURISDICTION, AND VENUE

3.      At relevant times, Plaintiff, a former employee of the Corporate Defendant, was and is a resident of the State of New York, Bronx County.

4.      At all relevant times, the Corporate Defendant is and has been a domestic business corporation incorporated under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 249-257 E Seaford Blvd, Mt. Vernon, NY 10550.

5.      At all relevant times herein, upon information and belief, Newman was and is a resident of the State of New York, Rockland County. At all relevant times, Newman was the CEO of the Corporate Defendant.

6.      At all relevant times herein, upon information and belief, Fernandez was and is a resident of the State of New York, Westchester County. At all relevant times, Fernandez was the Truck Driver Supervisor at the Corporate Defendant.

7.      Upon information and belief, the Individual Defendants are the owners, members, officers, and/or managers of the Corporate Defendant, and as the managing-members are individually responsible for unpaid wages under the New York Business Corporation law.

8.      This Court has personal jurisdiction over the Corporate Defendant as it is organized

in the State of New York and has its principal place of business herein.

9.     This Court has personal jurisdiction over the Individual Defendants because they are domiciled in the State of New York.

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are intimately related to Plaintiff's federal claims and form part of the same case or controversy.

11.     Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of Defendants employ, handle, and sell goods that have been moved in or produced for interstate commerce (including vehicles, food, storage units, etc.), and Defendants are thus employers subject to the jurisdiction of the FLSA.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to Plaintiffs' claims occurred in this district.

## JURY DEMAND

13.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14.     Corporate Defendant is a natural and organic wholesale food distributor that delivers organic food to New York City restaurants. In its own words, the Corporate Defendant "is perhaps the greenest and most socially responsible food distributor in the country[.]" *See* https://acenatural.com/ (last accessed October 8, 2025).

15.     Plaintiff was employed as a Truck Driver at the Corporate Defendant's Mt. Vernon warehouse from June 2024 until his retaliatory termination on or about March 9, 2025.

3

16.     Plaintiff drove a truck with a gross weight of more than 10,000 pounds, which is covered by the Motor Carrier Act ("MCA") Exemption, 29 U.S.C. § 213(b)(1). *See McMaster v. E. Armored Services, Inc.*, 780 F.3d 167 (3rd Cir. 2015) (affirming district court's determination that plaintiff, who drove vehicles weighing less than 10,000 pounds, was not covered by the MCA). However, Plaintiff is entitled to overtime compensation at a rate of one and one-half times the New York state minimum wage. *See Hayward v. IBI Armored Servs.*, 954 F.3d 573, 575 (2d Cir. 2020).

***Plaintiff's Employee Status***

17.     At all relevant times, Defendants misclassified Plaintiff as a 1099 independent contractor, despite the economic reality of their relationship indicating a clear employer-employee relationship within the meaning of both the FLSA and the NYLL.

18.     Defendants exercised entire and pervasive control over Plaintiff's work. Unlike independent contractors who control the overall scope of their operations, can hire substitutes, or set their own flexible schedules, Defendants dictated Plaintiff's work, leaving him no such autonomy.

19.     Plaintiff did not invest any money into Defendants' business or his role as a driver, nor did he have a substantial opportunity for profit or loss akin to an entrepreneur. His remuneration was a set weekly rate, not tied to entrepreneurial risk or capital investment. This stands in stark contrast to independent contractors who make significant capital expenditures in their businesses, such as purchasing territories, and bear substantial financial risk.

20.     Plaintiff's work consisted of delivering wholesale food, which, while essential, does not require the "specialized skill" or substantial independent initiative and business management skills typically associated with independent contractor status.

21.     Plaintiff's employment was for an indefinite period, suggesting a continuous and

4

permanent working relationship rather than a temporary engagement or one where he could sell his "route" or "territory" as an independent business owner might.

22.    Plaintiff's work delivering wholesale food was an integral and essential part of Defendants' business model. Corporate Defendant's core business as a "natural and organic wholesale food distributor" fundamentally relies on the delivery of its products to customers. Without drivers like Plaintiff, Defendants' business could not function.

***Defendants' Wage Violations***

23.    Plaintiff was a non-exempt employee and was subject to the higher minimum wage promulgated under the NYLL

24.    Both the FLSA and NYLL as well as the wage orders promulgated thereunder mandate that non-exempt employees be paid at least a minimum wage set by the respective federal and state departments of labor.

25.    In cases where the employee is subject to both state and federal minimum wage, the employee is entitled to the higher minimum wage. At all relevant times herein, New York State minimum wage was higher than the federal minimum wage.

26.    In 2024, the minimum wage in New York was $16.00 per hour. In 2025, the minimum wage in New York was $16.50 per hour.

27.    Plaintiff's regular rate of pay was $900.00 per week. He was paid this set rate regardless of how many hours he worked. Plaintiff worked on average 70 hours per week. As a result, Plaintiff was paid approximately $12.86 per hour, which was under the New York minimum wage at all relevant times.

28.    The relevant wage order promulgated by the New York Department of Labor requires employers to pay its employees at the rate of 1½ times their regular rate of pay for all

hours worked over forty in a workweek. Furthermore, Plaintiff is entitled to overtime compensation at a rate of one and one-half times the New York state minimum wage for all hours worked over forty in a workweek.

29. Regulation 12 NYCRR §142-2.4(a) states that "(a)n employee shall receive one hour's pay at the minimum hourly wage rate, in addition to the minimum wage required by this part for any day in which: (a) the spread of hours exceeds 10 hours ... "Regulation 12 NYCRR §142-2.18 defines "spread of hours" as "the interval between the beginning and end of an employee's workday. The spread of hours includes working time plus time off or meals plus intervals of duty."

30. Plaintiff regularly worked over 10 hours a day, specifically from Monday through Friday of his employment, yet Defendants did not pay him the spread-of-hours pay.

31. From the beginning of Plaintiff's employment until about March 9, 2025, Defendants engaged in a scheme where they did not pay Plaintiff the minimum wage, did not pay him for all overtime hours he worked, and did not pay him for the spread-of-hours.

32. In total, Plaintiff is owed not less than $21,457.20, representing underpaid minimum wages, overtime wages and spread-of-hours pay.

***Defendants' Failure to Provide Wage Notices and Wage Statements***

33. New York Labor Law § 195.1 mandates as of 2015 that, at the time of hire and when a wage rate is changed, each employee employed by Defendants receives for signature a Wage Notice.

34. Defendants never furnished Plaintiff with an accurate Wage Notice and accurate wage statements required by NYLL §§ 195.1 and 195.3.

35. In failing to provide proper wage statements and notices, Defendants failed to

comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

36.    Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and all others similarly situated. Defendant's conduct actually harmed Plaintiff and all others similarly situated. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide its wrongdoing, and necessitated the current litigation to vindicate the rights of Plaintiff and all others similarly situated. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law.

37.    Plaintiff was never given wage notices and statements, which hindered his ability to calculate how much in wages he was owed by Defendants.

38.    The injury of not receiving pay was directly linked to the lack of wage notices and wage statements, as Plaintiff was not informed of his entitlement to certain pay.

39.    Proper wage notices and statements would have informed Plaintiff of his right to certain pay, enabling him to address any discrepancies and seek appropriate compensation.

40.    Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide its wrongdoing from employees.

*Defendant's Failure to Pay Proper Wages was Willful*

41.    Defendants as employers have certain statutory obligations towards their employees, including paying employees for all of the hours they worked, paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and making, keeping, and preserving proper payroll records.

42.    Defendants were aware of its requirement to pay Plaintiff for each hour worked, and to pay the overtime premium of one-and-a-half times the minimum wage rate for each hour worked in excess of 40 per week.

43.    Nevertheless, Defendants failed to pay Plaintiff his proper wages, including overtime wages.

44.    Defendants knowingly and willfully operated their business with a conscious policy of wage violations which included wage theft in violation of the NYLL.

45.    As such, the various violations of the law which are alleged herein were committed intentionally and willfully by Defendants.

46.    At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to its employees.

*Retaliatory Termination*

47.    Upon information and belief, merchandise workers at the Corporate Defendant are responsible for ensuring that expired or rotten food is not loaded for shipment in violation of the corporation's self-proclaimed mission "to distribute only the cleanest, healthiest, and safest ingredients…by making fresh organic food available in mainstream."

8

48.    Beginning in 2024, Plaintiff observed that canned goods that exceeded their expiration dates, along with rotting fruits and vegetables, were being loaded for shipment.

49.    On or about February 28, 2025, mere days before Plaintiff's termination, Plaintiff attended a meeting between supervisors and drivers. During the meeting, Plaintiff alerted his supervisors, including Fernandez, that certain food items were routinely being loaded for shipment past their expiration dates.

50.    On or about March 9, 2025, Defendants informed Plaintiff that he was being immediately terminated because of a downturn in the business, which was obviously false because Plaintiff was the only employee at the time being terminated.

51.    Upon information and belief, Defendants were determined to terminate Plaintiff for any reason after he complained that expired food was being shipped.

52.    Plaintiff's termination was pretextual and was animated by his reporting misconduct to his superiors, including Fernandez.

53.    Defendants' actions were outrageous, malicious and wanton, and were perpetrated with reckless indifference to Plaintiff's rights and must be punished and deterred through an award of significant damages.

54.    Corporate Defendant's retaliatory acts against Plaintiff and retaliatory termination were intentional and in violation of the NYLL.

55.    This pattern of wage theft and ultimately, retaliatory termination, paints a clear picture of the Defendants' callous disregard for the rights and well-being of their employees. Plaintiff's experience serves as a stark example of the injustices faced by countless similarly situated workers who were lured by the promise of fair compensation, only to be met with exploitation and mistreatment.

*Facts Relating to Defendants as Joint Employers*

56. Upon information and belief, Newman is the managing-member of the Corporate Defendant.

57. At all relevant times herein, the Corporate Defendant was and is controlled by Newman.

58. At all relevant times herein, Newman acted for and on behalf of the Corporate Defendant, with the power and authority vested in him as the owner, officer, agent, and employee of the Corporate Defendant, and acted in the course and scope of his duty and function as the owner, manager, agent, and officer of the Corporate Defendant.

59. At all relevant times herein, upon information and belief, the Individual Defendants directly managed, handled, or was otherwise ultimately responsible for, the payroll and/or payroll calculations and issuing deposits to Plaintiff.

60. At all relevant times herein, upon information and belief, the Individual Defendants directly managed, handled, or was otherwise ultimately responsible for, the payroll and/or payroll calculations and issuing deposits to Plaintiffs.

61. The Individual Defendants had control over the conditions of employment of Plaintiff, including their hiring and firing, their work schedules, the rate and method of payment of their wages, and the maintenance of their employment records.

62. At all relevant times herein, Newman had operational control over the Corporate Defendant.

63. As a matter of economic reality, all Defendants are joint employers of Plaintiffs; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

10

## FIRST CLAIM FOR RELIEF
### (Unpaid Wages and Overtime Under the FLSA)
#### *Against all Defendants*

64. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

65. Plaintiff is a person covered by, and/or intended to benefit from, the provisions of the FLSA with respect to his work for Defendants.

66. Plaintiff brings this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 500 *et seq.*, under which Plaintiff was entitled to a minimum wage and an overtime hourly wage of time and one-half his regular hourly wage for all hours worked in excess of forty hours per week.

67. Pursuant to the FLSA, Plaintiff was entitled to certain minimum and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

68. Plaintiff regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper overtime wages to which he was entitled for all hours worked.

69. Accordingly, Plaintiff seeks a judgment for unpaid minimum and overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, along with an award of liquidated damages, interest, attorneys' fees and costs, as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
### (Unpaid Wages and Overtime Under New York Labor Law)
#### *Against all Defendants*

70. Plaintiff repeats and realleges each and every previous allegation previously set forth.

71. Plaintiff is a person covered by, and/or intended to benefit from, the provisions of

11

the NYLL with respect to his work for Defendants.

72.     Pursuant to the New York Labor Law Articles 6 and 19, Labor Law §198, and the Wage Orders issued under New York Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiff was entitled to certain minimum wages, regular wages, and overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such laws.

73.     Plaintiff regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtime wages to which he was entitled for all hours worked.

74.     From Monday through Friday of his employment, Plaintiff worked more than ten (10) hours in a day.

75.     Wherefore Plaintiff seeks a judgment against Defendants for unpaid minimum, regular, and overtime wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under New York Labor Law §198 and §663.

### THIRD CLAIM FOR RELIEF
**(Wage Notice Violation Under New York Labor Law)**
*Against all Defendants*

76.     Plaintiff repeats and realleges each and every allegation previously set forth.

77.     New York Labor Law § 195.1 mandates as of 2015 that, at the time of hire and when a wage rate is changed, each employee employed by Defendants receive for signature a Wage Notice, which had to contain the following wage information: (i) the basis of the employee's wage rates e.g., by the hour, shift, day, week, salary piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the

employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

78.     Plaintiff never received for signature the Wage Notice and never received any other paystubs or documents which might show the information required by NYLL § 195.1.

79.     Accordingly, Plaintiff seeks damage allowed by the statute for himself as well as attorneys' fees, costs and disbursements.

## FOURTH CLAIM FOR RELIEF
### (Wage Statement Violation Under New York Labor Law)
*Against all Defendants*

80.     Plaintiff repeats and realleges each and every allegation previously set forth.

81.     Pursuant to New York Labor Law § 195.3 and the Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages. Wage statements must include, among other information "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

82.     In violation of the NYLL and the Wage Order, Defendants did not furnish Plaintiff with wage statements that show the employee's rate or rates of pay, the number of hours worked, or recorded the proper pay rate for Plaintiff's overtime hours.

83.     Plaintiff seeks damages allowed by the statute.

## FIFTH CLAIM FOR RELIEF
### (Spread-of-Hours Violation Under the NYLL)
*Against all Defendants*

84.     Plaintiff repeats and realleges each and every allegation previously set forth.

85.     Regulation 12 NYCRR §142-2.4(a) states that "(a)n employee shall receive one hour's pay at the minimum hourly wage rate, in addition to the minimum wage required by this part for any day in which: (a) the spread of hours exceeds 10 hours ... "Regulation 12 NYCRR

13

§142-2.18 defines "spread of hours" as "the interval between the beginning and end of an employee's workday. The spread of hours includes working time plus time off or meals plus intervals off duty."

86.    The beginning and end of Plaintiff's shifts were routinely more than ten hours apart.

87.    In violation of the New York Labor Law, Defendants did not pay Plaintiff an extra hour of compensation every week at the minimum wage rate.

88.    Wherefore Plaintiff seeks a judgment against Defendants for unpaid spread-of-hours-wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under New York Labor Law §198 and §663.

**SIXTH CLAIM FOR RELIEF**
**(Violation of NYLL Section 740)**
*Against the Corporate Defendant*

89.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

90.    Plaintiff was qualified to be a Truck Driver at the Corporate Defendant

91.    New York Labor Law §740 prohibits all employers from discharging, suspending, demoting, or otherwise retaliating against an employee because the employee, among other independent actions, discloses to a supervisor or to a public body an unlawful activity, policy or practice of the employer that the employee reasonably believes is in violation of the law, rule or regulation or objects to or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.

14

92. Plaintiff uncovered expired food being prepared for shipment in violation of the Corporate Defendant's practices and reported it to a superior.

93. Corporate Defendant engaged in retaliatory acts during Plaintiff's employment, culminating in his termination, an adverse employment action.

94. Corporate Defendant is liable for said retaliation against Plaintiff because it was created and fostered by management.

95. The retaliation against Plaintiff by the Corporate Defendant was a result of intentional actions by the Corporate Defendant's management and/or deliberate indifference by the Corporate Defendant

96. As a direct and proximate result of said retaliation, Plaintiff suffered and continues to suffer actual damages, in forms including without limitation future wages, as well as mental anguish.

97. Plaintiff is also entitled to an award of damages, punitive damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against all Defendants as follows:

A. A declaratory judgment that the actions, conduct, and practices or Defendant complained of herein violate the laws of the United States and the State of New York;

B. An award of damages in an amount to be determined by Plaintiff for all monetary and economic damages;

C. An award of liquidated damages pursuant to the FLSA and NYLL for underpaid amounts; and

D.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law.

Together with such other and further relief that the Court deems just and proper.

Dated: New York, NY
October 9, 2025

                                    ROBERT WISNIEWSKI P.C.

                                    By: _Robert Wisniewski_
                                    Robert Wisniewski
                                    *Attorneys for Plaintiff*
                                    17 State Street, Suite 820
                                    New York, NY 10004
                                    Tel.: (212) 267-2101
                                    E-mail: rw@rwapc.com

16